# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed November 16, 1894.

J. KEMP BARTLETT, TRUSTEE, ETC.,

VS.

BOSTON FEAR.

*Col. Charles Marshall* and *Joseph C. France, Esq.,* for the plaintiff.

*Messrs. R. B. Tippett & Bro.* for the defendant.

PHELPS, J.—

Gentlemen, the Court has allowed more than the usual latitude in the argument of the law of this case, upon the suggestion that was made that as there are a large number of cases similar to this pending, time might probably be saved by giving a very thorough investigation to the first case of the series.

The Court expresses its acknowledgements to counsel on both sides for the aid they have given by the luminous and cogent presentation of their respective sides.

In the view that the Court is constrained to take of this case, however, it does not appear that the decision here is likely to be a precedent for any considerable number of these cases. This is a case that stands, and must be treated as standing, upon its own facts. Apart from the main question which lies at the bottom of this series of cases in which the operations of the Valley Land and Improvement Company of Virginia are concerned, viz: the allegation that the subscriptions to its stock were procured by false representations contained in the prospectus which the company issued, and which put, thereby, those subscribers deceived by those representations in a position to elect whether they would avoid their contracts of subscription or stand by them, there is in this case a special question, and that is, whether there is in this case any fact indicating any such intention, or any such signification of election, on the part of this particular defendant, or, in other words, whether there has ever been anything done by him which amounts to what the law recognizes as a rescission or a repudiation of his contract. That is the question in this case, and, in the view the Court takes of the case, the only question necessary to be determined here.

Obviously, if a party in the position of a defrauded purchaser of stock wishes to signify his election to repudiate his contract he must do so within what is known as a reasonable time, and it must be a real election, and the repudiation must be a real repudiation; and what amounts to a reasonable time; and what amounts to a repudiation, must be determined by the circumstances of each case, to a very great extent, subject, of course, to some general principles applicable to the whole question.

Now, looking at it as a mixed question of intention and fact, and interpreting what the defendant intended to do in the light of what he did, the question for the jury would be, if the question were submitted to the jury: What was Mr. Fear's intention at the time he entered into that arrangement one year after the time he alleges he was defrauded—what was his intention in entering into an arrangement by virtue of which the sum of ten thousand dollars was to be raised by a stockholders' pool to provide for the paying off of pressing minor claims against the company, and for the purpose of saving the company's property? That would be the question for the jury to determine here, if, as I say, the question were submitted to them. If Mr. Fear has, himself, defined what his intention was, it would be useless to go before the jury and ask them to find against his own declaration. Mr. Fear has, with commendable candor and frankness, stated himself that his intention in entering into that arrangement, and in paying the thousand dollars, was to save his interest in the concern. He doesn't say in so many words it was to save his interest as a stockholder, but that is the plain import of the language he uses. If that arrangement had succeeded, if it had worked out as its originators hoped and expected it would work out, and his interest in the property had been thereby saved, we have it very plainly here, from Mr. Fear's own testimony and admissions, he would have been contented with the result.

Mr. Tippett: Will your Honor allow me one word right here?

Court: I am deciding the case now. I have marked all your prayers rejected; you have your exceptions.

Mr. Tippett: Excuse me, sir.

Court: As I was going on to say, Mr. Fear has, himself, with commendable candor and frankness, defined his intention, and explained what his meaning was. His meaning was, if that pool arrangement had turned out a success, and had saved his property, he would have been content. That is what I understand by his testimony; that is what I take to be its plain import. Here is his language:

Q. Why were you interested in paying those debts at Luray if it was not for the purpose of saving your interest in this stock?

A. That is what Mr. Condon told me, that it would save, probably, what I had in there—that is, the Caves and the Henkel property.

Q. You recognized then, in 1891; September, this stock on which you had paid, and you wanted to save it?

A. Yes, sir; I had paid on it.

Q. Condon told you he was a stockholder himself for $5,000, and that he had paid his subscription, and that this money would save it?

A. Would probably save it.

Q. Well, would probably save it; and you put the money up for that purpose?

A. Yes, sir.

Q. In September, 1891?

A. I don't know the date.

Q. Well, in August or September?

A. And if they didn't get the money, I would get the one thousand dollars back.

Q. And if the ten thousand dollars had saved the money, yours would have been among it—it would have saved your money?

A. Why, of course.

The question being as I have stated, upon that testimony, I grant the first prayer of the plaintiff; which reads to this effect:

"The plaintiff prays the Court to instruct the jury that upon the testimony of the defendant himself they cannot find that there was such a repudiation of the contract of the defendant, as a stockholder of the Valley Land and Improvement Company as to discharge him from liability as such stockholder in this suit."

Then the prayer goes on to enumerate certain facts, all of which depend upon undisputed evidence in the case, such as his signature to the subscription paper, the authority given to the company to register his name as a stockholder, &c. Then it puts to the jury this fact:

"And if the jury shall further find that after the defendant's name was so registered the company contracted a large indebtedness which yet remains unpaid, then, by force of the Statute Laws of Virginia offered in evidence, and by force of the decree of the Circuit Court for Page County, Virginia, offered in evidence, in the case in which E. C. R. Humphries and others, are plaintiffs, and the Valley Land and Improvement Company and others are defendants, and of the deed of trust offered in evidence from the Valley Land and Improvement Company to Andrew Broaddus and others, the plaintiff is entitled to recover in this suit the whole amount yet remaining unpaid on the cost of said fifty shares of stock of said company, with interest thereon from July 11th, 1890, the date of said subscription."

That prayer I have marked granted. You withdraw your other prayers?

Mr. France—Yes, sir.

Court—The other prayers of the plaintiff are withdrawn. The defendant's prayers are rejected. All exceptions are reserved.

Mr. Tippett—There is a fact upon which we can go before the jury, the fact of this indebtedness.

Mr. France—Then I will strike that fact out of the prayer.

Mr. Tippett—Do I understand your Honor allows counsel to change their prayer now, after you have granted it?

Court: I don't see any necessity for it. You should have offered to amend your prayer before the Court passed on it, properly.

Mr. France: Well, I ask leave of the Court now to make the amendment, by leaving out of the prayer the question of indebtedness; if it is the province and will of the Court I would like to so amend it?

Court: I will hear any objection the other side has to make.

Mr. Tippett: The prayers have all been passed upon, your Honor, and we think it is now too late to change them. Your Honor has passed upon them, and adversely to us as to ours, and he now asks leave of the Court to amend; we think it is too late.

Court: I think, as a matter of sound practice, you better stand upon your prayer as it has been passed upon, by the Court,